**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RICHARD ALAN FOLDEN,

Petitioner,

v.

DAVID CRIST,

Respondent.

Civil No. 01-2031 (ADM/JGL)

**MEMORANDUM AND ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1993 conviction for first degree criminal sexual conduct. The matter was referred to Magistrate Judge Jonathan Lebedoff, who recommended that the petition be summarily dismissed, because it was not filed within the one-year statute of limitations period set by 28 U.S.C. § 2244(d). (See Report and Recommendation, ["R&R"]; Docket No. 3.) This Court later conducted a de novo review of the case, adopted the R&R, and ordered that the petition be dismissed with prejudice. (Order dated February 4, 2002; Docket No. 10.) Thereafter, Petitioner filed a Notice of Appeal, (Docket No. 12), which the Clerk of Court construed to be a request for a Certificate of Appealability, ("COA"), as well, (Docket No. 13). For the reasons discussed below, the Court concludes that Petitioner is not entitled to a COA in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a

MAY 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner has not identified any specific claim(s) that he wants to raise on appeal. It can be assumed, however, that he wants the Court of Appeals to review and reverse this Court's determination that he is procedurally barred from seeking federal habeas relief because of the one-year statute of limitations.

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. As the Magistrate Judge correctly explained, Petitioner's habeas corpus petition cannot be entertained here because, even when the tolling provisions of § 2244(d)(2) are taken into consideration, the petition was not filed within the one-year limitation period. Petitioner has made no effort to explain why he believes his petition is not time-barred. Although he filed objections to the Magistrate Judge's R&R, he did not identify any alleged error in the Magistrate Judge's analysis of the statute of limitations issue. Indeed, none of Petitioner's

submissions in this matter present any argument suggesting that his habeas petition was timely filed.

**CONCLUSION**

In sum, Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, or noteworthy about his case that might cause it to warrant appellate review. Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability in this matter, (Docket No. 13), is DENIED.

Dated: May 2, 2002

ANN D. MONTGOMERY
United States District Court Judge