**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RICHARD ALAN FOLDEN,

Petitioner,

v.

DAVID CRIST,

Respondent.

Civil No. 01-2031 ADM/JGL

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal (Docket No. 15). Petitioner, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus (Order dated December 13, 2001, [Docket No. 8]).

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

JUN 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

In this case, Petitioner's IFP application, (Docket No. 15), shows that his only source of income is a prison job that apparently pays only $17.50 every two weeks. The IFP application further shows that Petitioner currently has no assets. Based on the information reported in Petitioner's IFP application, the Court is satisfied that he is financially eligible for IFP status.

Furthermore, while the Court does not believe that Petitioner has any meritorious grounds for an appeal,[1] the Court is not prepared to say that his appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application to proceed in forma pauperis on appeal, (Docket No. 15), is GRANTED.

Dated: June 11, 2002

Ann D. Montgomery
United States District Court Judge

---

[1] The Court has already determined that Petitioner is not entitled to a certificate of appealability, as required by 28 U.S.C. § 2253(c), because he has not identified any claim or issue that warrants appellate review. (See Order dated May 2, 2002, [Docket No. 14].)